UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHANI HODOBA, | No. 2:26-cv-1681 DC AC PS |
| Plaintiff, | |
| v. | ORDER and |
| NATHANIEL HODOBA, COMMISSIONER ALEXANDER J. PAL, and the SACRAMENTO COUNTY SUPERIOR COURT, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 3) will therefore be granted.

Upon screening the complaint, however, the undersigned finds that this court may not exercise jurisdiction over plaintiff's claims. As leave to amend would be futile, the undersigned recommends dismissal of this action and denial of plaintiff's pending motion for a temporary restraining order ("TRO") (ECF No. 2).

**I. Screening**

A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally

1

"frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

////

2

B.  The Complaint

Plaintiff Ashani Hodoba was formerly married to defendant Nathaniel Hodoba ("Nathaniel"), and the two have a seven-year-old son named Lucas.  ECF No. 1 at 2.  The couple's divorce is the subject of Sacramento County Superior Court Case No. 25FL2038, which is currently pending.  Id.

The complaint alleges that plaintiff purchased the property at 409 San Miguel Way, Sacramento, CA 95819 ("Property") with her own funds prior to the marriage, and that the Property is therefore her separate property.  Id.  Nathaniel has allegedly perjured himself by claiming in the divorce case that he pays the mortgage on the Property, despite mortgage payments being 92 days delinquent as of the filing of this action.  Id. at 3.  Nathaniel has also refused to consent to a medically necessary surgery for Lucas, thereby delaying it for a year.  Id. He also violated every provision of California's Automatic Temporary Restraining Orders ("ATRO"), including by canceling plaintiff's car insurance the week before plaintiff filed this complaint.  Id.

The complaint alleges that by refusing to allow plaintiff to submit evidence of Nathaniel's perjury, "denying meaningful hearings," and failing to enforce its own orders, defendants have effectively deprived her of the right to due process under the Fourteenth Amendment.  Id. Plaintiff therefore asserts a claim under 42 U.S.C. § 1983 and seeks TROs both staying all foreclosure proceedings on the Property and compelling enforcement of the ATROs, for this court to "[r]etain federal jurisdiction" over the divorce case, declaratory relief affirming that defendants violated plaintiff's constitutional rights, and attorney's fees and costs.  Id. at 3-4.

C.  Analysis

Under Younger v. Harris, 401 U.S. 37, 43-54 (1971), federal courts must abstain from interfering in most ongoing state court cases.  Younger abstention is a narrow exception to the general rule obligating federal courts to decide federal questions that have been presented to them.  Cook v. Harding, 879 F.3d 1035, 1038 (9th Cir. 2018).  "Abstention is not in order simply because a pending state-court proceeding involves the same subject matter."  Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 72 (2013).  However, certain "exceptional" classes

of cases do support—and may even compel—abstention. New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 367 (1998). Where abstention is required under Younger, the district court may not exercise its jurisdiction over a case. Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988).

As the Ninth Circuit has explained, "Younger principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding." Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004). In sum, Younger abstention is appropriate if four requirements are met: (1) a state-initiated proceeding remains ongoing at the time the federal case is commenced; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief either seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018); Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988). All four elements must be satisfied to warrant abstention. See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007).

All four elements are met here. First, it is clear that the relevant state proceedings were pending when this action was initiated. See Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987), cert. denied, 485 U.S. 934 (1988) (critical question is whether state proceedings were ongoing at initiation of the federal proceeding). The complaint asks that this court enforce temporary restraining orders and retain jurisdiction over the family law proceedings as they progress, ECF No. 1 at 4, which demonstrates that those proceedings are ongoing.

Second, the state has a powerful interest in family relations. In our federal system of dual sovereigns, domestic and family relations are exclusively governed by state law. See In re Burrus, 136 U.S. 586, 593-594 (1890) (domestic and family relations are governed by state, not federal, law); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (same). Indeed, "there is perhaps no state administrative scheme in which federal court intrusions are less appropriate than

4

domestic relations law." Evans v. Hepworth, 433 F.Supp.3d 1171, 1180 (D. Idaho 2020) (quoting DuBroff v. DuBroff, 833 F.2d 557, 561 (5th Cir. 1987)).

Third, federal courts must assume that state procedures will afford an adequate opportunity for the consideration of constitutional claims "in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). The complaint does not establish that plaintiff is without a state forum for presentation of her concerns, including her arguments involving her due process rights. That plaintiff is dissatisfied with particular state court rulings does not mean that the state legal system precludes consideration of her claims.

Finally, it is indisputable that the requested relief would interfere with the pending state court proceedings. Indeed, plaintiff expressly seeks such interference. See ECF No. 1 at 4 (requesting that the district court enforce ATRO and "retain jurisdiction" over the family law case). This court has no authority to enforce the orders of a state court, or to usurp a state court's jurisdiction over a state law matter. In sum, the gravamen of the complaint plainly demonstrates the applicability of Younger.

Because all four elements are satisfied, Younger abstention applies and the case must be dismissed. See Beltran, 871 F.2d at 782 ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action.") (emphasis in original) (citing Gibson v. Berryhill, 411 U.S. 564, 577 (1973)).

## II. Leave to Amend is Not Appropriate

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, the court may dismiss without leave to amend if it is clear that a complaint cannot be cured by amendment. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995). Here, because the requirements for Younger abstention are satisfied, dismissal is mandatory. Beltran, 871 F.2d at 782. Because no amendment could avoid that result, leave to amend should not be granted.

### III. Motion for Temporary Restraining Order

Plaintiff seeks to stay any foreclosure proceedings by Axos Bank for the Property; enforce California ATROs; compel Nathaniel to pay $17,000 in monthly spousal and child support based on an annual income of $422,362, rather than his purportedly false claim of an annual income of $310,000; award plaintiff temporary sole legal medical custody of their son Lucas; and to have this court assert jurisdiction over the superior court proceedings in the divorce case.  ECF No. 2-2 at 1-3.  Axos Bank is not named as a defendant, and neither the complaint nor the motion indicates that foreclosure proceedings are imminent, both of which preclude a TRO directed to Axos.  In any event, the status of the Property is at issue in the divorce case and Younger principles therefore require this court to abstain from involving itself.  All other requested forms of injunctive relief are unavailable for the reasons previously explained.  Because the undersigned concludes that the case as a whole must be dismissed pursuant to Younger, supra, it is recommended in the interests of judicial economy that this motion be denied as moot.

### IV. Pro Se Plaintiff's Summary

You are being granted in forma pauperis status and do not have to pay the filing fee. However, the Magistrate Judge is also recommending that the District Judge dismiss this case.  A federal lawsuit cannot be used to challenge ongoing state proceedings.  A rule known as Younger abstention prevents this court from considering your lawsuit at this time.  The Magistrate Judge is therefore also recommending that your request for a temporary restraining order be denied.

You have 21 days to object to this recommendation if you wish to do so.  The District Judge will make the final decision.

### V.  Conclusion

For the reasons explained above, it is **HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis (ECF No. 3) is GRANTED.

It is **FURTHER RECOMMENDED** that:

1. The complaint (ECF No. 1) be DISMISSED without prejudice;

2. Plaintiff's motion for a temporary restraining order (ECF No. 2) be DENIED AS MOOT; and

3.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 6, 2026

_____

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE